NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRACEY B. GURLEY, a/k/a Tracy B. Gurley, | : |
| | : Civil Action No. 07-3395 (RMB) |
| Plaintiff, | : |
| v. | : OPINION |
| STATE OF NEW JERSEY, et al., | : |
| Defendants. | : |

APPEARANCES:

Plaintiff pro se
Tracey B. Gurley
Riverfront State Prison
P.O. Box 9104
Camden, NJ 08101

BUMB, District Judge

    Plaintiff Tracey B. Gurley, a prisoner confined at Riverfront State Prison, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.[1]

---

[1] The Court notes two "strikes" pursuant to 28 U.S.C. § 1915(g): Gurley v. State of South Carolina, 07-0276 (DCN) (D.S.C.); Gurley v. National Wholesale Liquidator Warehouse, 05-5405 (KSH) (D.N.J.).

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

This Court accepts as true, for purposes of its initial review, the factual allegations of complaints subject to screening under 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997e. Here, however, Plaintiff's Complaint is virtually devoid of factual allegations.

Plaintiff alleges that Defendant Dr. David Parrish, Warden of Riverfront State Prison, is wrongfully detaining him. He alleges that Defendant Judge Frederick Theemling of the Superior Court of New Jersey, Law Division, Hudson County, has taken some action against him, in violation of his due process rights, with respect to a bail-jumping charge that he alleges was dismissed. Beyond that, Plaintiff merely refers to the attachments to the Complaint.

The 100-plus pages of attachments include: the verdict sheet from his criminal trial in Hudson County and the judgment of conviction; a motion for writ of mandamus in the U.S. District Court for the District of South Carolina (challenging a 1993 criminal conviction in Dillon County, South Carolina) and the

decision of that court denying relief; a motion for emergency relief filed in the Superior Court of New Jersey, Law Division, Camden County, dated July 17, 2007, detailing the history of his criminal proceedings, including an appeal to the Superior Court of New Jersey, Appellate Division, which affirmed the conviction and sentence for simple assault, vacated the conviction for resisting arrest and remanded that for a new trial, and vacated the sentence for the shoplifting conviction and remanded that for re-sentencing following re-trial on the resisting arrest charge; a motion for change of venue (undated) filed in the Superior Court of New Jersey, Law Division, Hudson County; and miscellaneous letters and copies of caselaw research.

In his prayer for relief, Plaintiff requests that this Court appoint counsel, order his release from confinement, and order damages in the amount of $2,500 per day for unlawful confinement, and, collectively against all defendants, in the amount of $298,000,000,000 (two hundred ninety-eight billion dollars).

Plaintiff names the following defendants: the State of New Jersey, Attorney General Stuart Rabner, the Honorable Frederick J. Theemling, Assistant Prosecutor Ms. Kelley Austin, Attorney Mr. Jeffery Mandal, Hudson County Prosecutor Mr. Edward J. DeFazio, Ms. Nadine Hunter, Team Leader Mr. Joseph Watkins, the Sheriff of Hudson Administrative, Riverfront State Prison, Warden Dr. David R. Parrish, Hudson County Sheriff's Officer Mr.

Cassidy, the State of New Jersey D.O.C. Correctional, Attorney Keith Hirrischorn, the State of California Transcor Officer Mr. Wilson, the State of California Sacramento Superior Court, the Honorable Mr. Patrick Marrlette, Sacramento California County Jail, T.W.A. Airline, Delta Airline, Hudson County Jail, Trancor of America, Newark N.J. International, Sacramenta CA International, Minnesota M.A. International.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

5

him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## IV. ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a plaintiff "need not plead facts," so long as the complaint meets the notice pleading requirements of Rule 8, see Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability, Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying Alston). See also In re Tower Air, Inc., 416 F.3d 229, 236-38 (3d Cir. 2005) (a plaintiff should plead "basic facts," for those are necessary to provide the defendant fair notice of the plaintiff's claims and the grounds upon which it rests). See also Erickson v. Pardus, 127 S.Ct. 2197 (June 4, 2007). In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' Bell v. Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)(quoting Conley v. Gobson, 355 U.S. 41, 47 (1957))."

In a Complaint such as this, alleging multiple claims against multiple defendants, it is imperative that the complaint conform to the requirements of Rule 10(b), which requires that all averments of claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." Plaintiff's pleading fails to conform to these Federal Rules of Civil Procedure.

This Court can discern two claims from the Complaint: (1) a claim that the Warden of Riverfront State Prison is wrongfully detaining Plaintiff and (2) claim that Judge Theemling has taken some "vindictive" action against Plaintiff in connection with a bail-jumping charge.

Plaintiff's challenge to his confinement must be brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 following exhaustion of state remedies. To the extent Plaintiff seeks damages for his present allegedly wrongful confinement, that claim is premature until such time as his confinement is otherwise invalidated. See, e.g., Preiser v. Rodriguez, 411 U.S. 475 (1973); Heck v. Humphrey, 512 U.S. 477 (1994). "Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable

relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - <u>if</u> success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" <u>Williams v. Consovoy</u>, 453 F.3d 173, 177 (3d Cir. 2006) (quoting <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005)) (emphasis in original). Accordingly, Plaintiff fails to state a claim with respect to his allegedly wrongful confinement.

In addition, any claim for damages against Judge Theemling is barred by the doctrine of judicial immunity. As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit for monetary damages under the doctrine of judicial immunity. <u>See</u> <u>Mireles v. Waco</u>, 502 U.S. 9, 9 (1991). Judicial immunity can be overcome only for actions not taken in a judicial capacity, <u>id</u>., or for actions taken in a complete absence of all jurisdiction, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. <u>See</u> <u>Forrester v. White</u>, 484 U.S. 219, 227 (1988).

Judicial immunity also shields judges from suit for injunctive relief. <u>See</u> 42 U.S.C. § 1983, (state judges) (abrogating in part <u>Pulliam v. Allen</u>, 466 U.S. 522, 541-42 (1984)). Accordingly, the allegations of the Complaint do not

9

suggest any basis for a claim against Judge Theemling that would not be barred by the doctrine of judicial immunity.

This Court can discern from the Complaint no claims against any of the other defendants.[2]

## V. CONCLUSION

For the reasons set forth above, the Complaint must be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim.[3] However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim, the Court will grant Plaintiff leave to file a motion to re-open. Any such motion must be accompanied by a proposed amended complaint which conforms to the pleading requirements set

---

[2] This Court notes that many of the same defendants are named in Gurley v. National Wholesale Liquidator Warehouse, 05-cv-5405 (KSH) (D.N.J.). To the extent Plaintiff seeks to assert against these defendants the same claims asserted in Civil Action No. 05-5405, which has been dismissed, such claims may be barred as duplicative or under the doctrines of res judicata or collateral estoppel.

[3] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ... The dispositive inquiry is whether the district court's order finally resolved the case." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open these claims in accordance with the court rules.

forth in Rules 8 and 10 of the Federal Rules of Civil Procedure.[4]

An appropriate order follows.

*[signature]*
Renée Marie Bumb
United States District Judge

Dated: *[handwritten] October 25, 2007*

---

[4] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id. This is especially true in a situation, such as this, in which the original complaint was fatally vague.

11